[771 NYS2d 125]

In the Matter of EARL S. DAVID, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 29, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (Raymond Vallejo* of counsel), for petitioner.
*Ronald M. Kleinberg* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Earl S. David was admitted to the practice of law in the State of New York by the Second Judicial Department on December 14, 1988. At all relevant times, he has maintained an office for the practice of law within the First Judicial Department.

In 1992, respondent participated in a scheme involving securities fraud, bribery, and money laundering. In exchange for his facilitation of this scheme, respondent received a payment of $10,000. In 1996, after receiving an inquiry from federal authorities about his involvement in the transactions comprising the 1992 scheme, respondent agreed to cooperate with the government in the prosecution of other participants in such wrongdoing. Respondent turned his records relating to the scheme over to the government; submitted to debriefing by the prosecutors and the Securities and Exchange Commission (SEC); and testified before two grand juries and at two criminal trials. In exchange for his cooperation, respondent was granted immunity from criminal prosecution. Pursuant to an order of the SEC, respondent has disgorged the $10,000 he was paid for his facilitation of the scheme; he has paid penalties amounting to $5,000; and he has been barred from participating in certain securities activities.

In October 2002, respondent was charged with violating Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3) and DR 9-102 (e) (22 NYCRR 1200.46), based on the wrongdoing to which he admitted in the testimony he gave pursuant to his cooperation agreement with the federal authorities. At the Referee's hearing on these charges, held on January 10, 2003, respondent testified on his own behalf and called two character witnesses. Respondent substantially admitted the facts on which the charges were based, but set forth various mitigating factors in his defense. The Referee sustained the charges against respondent, and recommended that, in view of the mitigating factors, respondent be suspended from the practice of law for 15 months. The Hearing Panel confirmed the Referee's findings of fact and conclusions of law, but recommended an 18-month suspension. The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 605.15 (e), confirming the Hearing Panel's determination as to the Referee's findings of fact and conclusions of law, and imposing a just and appropriate sanction, which the Committee argues

should involve a suspension from the practice of law "for a significant period of time." Respondent argues that a three-month suspension should be imposed.

While the seriousness of the criminal conduct to which respondent has admitted demands a penalty more severe than the three-month suspension suggested by his counsel, the presence of substantial mitigating factors persuades us to impose a sanction less severe than the discipline that might otherwise have been imposed. Respondent's wrongdoing occurred during a brief period in 1992, when he was a relatively new attorney and inexperienced in business matters. Respondent, who had no expertise in securities law, was apparently a peripheral figure in the criminal scheme in question. His involvement in the scheme, from which he realized only a modest benefit, appears to have been motivated in part by a threat made against him by the acquaintance who solicited his participation (cf. *Matter of Greenwald*, 239 AD2d 1 [1998] [three-year suspension imposed where the respondent, who was the president of a securities firm, derived a profit of $750,000 from insider trading]). At the time of his wrongdoing, respondent was suffering from depression due to a broken marriage engagement and the serious injury of his father in an automobile accident. Moreover, respondent ultimately cooperated extensively with the government's prosecution of others involved in the scheme. A letter from the lead prosecutor in the criminal cases in which respondent cooperated states that "[his] cooperation proved critical to the overall success of the investigation and prosecution," which led to the felony convictions of 39 defendants.

Most importantly, we are impressed by respondent's evident rehabilitation in the more than 10 years since the misconduct took place, and by his expressions of remorse for his wrongdoing. During the intervening decade, respondent, whose practice is in the field of immigration law, has maintained an unblemished disciplinary record, and he submits letters from his vulnerable clients that attest to his dedication in representing them. We also take note of respondent's pro bono representation of clients who lack the financial means to pay for counsel, and of his other acts of community service. In view of all the circumstances, we conclude that the appropriate sanction is to suspend respondent from the practice of law for a period of 15 months.

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel and the Referee and suspending respon-

dent from the practice of law for a period of 15 months, effective 30 days from the date of this order, and until further order of this Court.

Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 15 months, effective March 1, 2004 and until further order of this Court.